The next case is In Re Brandt et al. 2016-2601. Mr. Reganelli, when you're ready. Good morning. Art Reganelli for Firestone Building Products. May it please this court, there are three issues that I would like to address with this court today. Three errors that were made by the board. The first error is the fact that the board supported or attempted to support their decision with law that does not in fact support their decision. They made legal error in attempting to support their decision. And that decision is with respect to prima facie obviousness. In view of the fact that... You've got a claim and principal reference rubbed right up against each other. Correct. It's a negligible difference. Correct. Doesn't that sound like at least obviousness if not anticipation? What it sounds like is that there's a negligible difference and that they're very close. And what it sounds like is if we stand here today now knowing what the client's invention is... That's what we have here, right? We have two ranges that rub up against each other. Oh, absolutely. And that's negligible. Yes, absolutely. You stated the facts correctly. That's correct. The ranges do not overlap though. And as we stand here today... Shouldn't that be the basis for a prima facie showing of obviousness? No, it should not. Why? Why? Okay. Let me... Well, first of all, there is no support in the case law for that. Let's say that they did overlap by 0.00001 percent. Would you say that there is obviousness in that situation? Yes. And let me step back to answer that question. So, we're operating under the construct of CRAM and Statute 103. And under that construct we know, and I don't mean to bore you with details that you know very, very well, but we have to ascertain the differences between the claimed range and the prior art, ascertain the level of skill in the art. Then we have to go to the statute and say, would it have been obvious to point of skill in the art to have made that modification in this instance? And in order to support that rejection, you need a why, you need a reason, you need a because. Usually that's in the form of motivation, likelihood of success. We know that there is a long line of older cases that carve down an exception when we're talking about ranges. And these are all pre-52 Act cases that said, look, we were dealing with a range here. There's this exception, because remember there was an obviousness under the statute. We have this exception in the law that now you have to prove criticality. You move then into the 52 Act and what Graham tells us in 1965. And this concept that overlapping ranges or ranges that are subsumed, you know, the claimed range is subsumed by the prior art range. You have this prima facie obviousness. And at the outset of this case, I will admit to you, I scratched my head. How do you fit that into the construct of Graham and 103 and providing rationale there? And this court provided that rationale a few years ago in what the court did is that court married the concept of prima facie obviousness from the case law with... Is there a substantial advantageous difference in what you're claiming compared with what is closely adjacent to it in the prior art? There's no evidence in the record of that, Your Honor. Sorry? There is no evidence of that in the record. Okay. So if I may continue. So N. Ray Peterson marries the idea that you're going to follow the construct of Graham and 103 and it supplies the motivation. It was N. Ray Peterson that supplies the motivation so that you take yourself through the construct and it answers the because. Why is it obvious? What the Peterson court said was that it is routine and it is normal for one of ordinary skill in the art to take what is known and to attempt to optimize it. And that was the underpinning. That was the motivation that was, albeit legally supplied, but it's inherent and it makes complete sense that if I have ranges that overlap or if I have a range that's subsumed by another range, it makes complete sense then that you take one ordinary skill in the arts natural tendency to optimize that range. Okay. It also makes sense that the further apart that the ranges are, then the more perhaps there's a basis for Posida not being motivated to combine. But in this situation, again, the ranges butt up against each other. There's no showing, no evidence that one has advantage over the other, more stronger or anything like that. There's just no evidence there. Why would a Posida not look at this and say there's a line here? I'm just going to step over this. Do you even have to step? Is there a line? This is why I respectfully disagree with you, Your Honor. We're looking at that in hindsight. What we really need to do is put ourselves in the shoes of one of ordinary skill in the art at the time of the invention. And we have to, what you are doing is you're making a modification. You're making a factual finding that there's virtually negligible difference. Absolutely. But there is a difference. There is a difference. So if the justification provided by In Ray Peterson, which is that one of ordinary skill in the art is attempting to optimize the known range. Peterson says a known range. Where do you get the legs to support that one of ordinary skill in the art is going to attempt to optimize outside of the known range? It doesn't follow. If we follow the rationale, which is very eloquently put forth in In Ray Peterson, that rationale does not follow because we're not optimizing within a known range. So now we have to put ourselves, because let's step back and realize what we're doing here. The minute you say that something is prima facie obviousness, you foreclose the analysis that we've been asked to do by Graham, KSR, and the statute. No, you don't. You provide an opportunity to show significant difference and advantage. Whereas if one had found an anticipation, that possibility would be foreclosed. The fact that it's only an obviousness rejection gives you an opportunity to overcome that, which you conceded hasn't occurred. You are correct. The avenue once there is a prima facie case, the avenue is unexpected results or teaching away. We know that from In Ray Malagari. We know it in a lot of things. In a lot of cases. That is true. But there is also an analysis that must be undertaken when assessing whether there's a prima facie case. There are a lot of factors that go into that prima facie case. If we rule that it's simply prima facie because it's close, first of all, you're going to open a can of worms every time trying to figure out what is close and what is not close. We have a simple case of that, which is just the northern end of an open range. Quite literally, when the board said something like, there is no measurable difference between it meant that in a simple mathematical sense, no matter what positive number you picked to try to identify the difference, it would be too large. This would have overlapped if instead of you saying less than six, you had said less than or equal to six. This is the equal point. We don't have to worry about slippery slopes of how close you can get. Here, this abuts in the simple mathematical sense that there is literally no distance between your range and six. I disagree and I'll explain why. They say between six and 25, we say less than six. Six is the open number. It's not necessarily an abutment. I didn't come here today wanting to discuss that point because I think it's irrelevant. I believe that what we need to be looking at is, is there motivation to modify? If we can look at it after the fact and say it was close, that's not the motivation. There are many factors. This addresses what Judge Lurie asked. Here, the problem is there's almost nothing to modify. There's almost nothing to modify. There's no gap that a proceeder has to leap here between the ranges. There's no gap. You are moving from above six to below six. That actually brings up a very good point. When we foreclose doing what the law has asked us to do, and that's roll up our sleeves and look at the totality of the evidence to come up with whether or not there's a prima facie case. That's ultimately what we're saying here. By having a prima facie case per se, there's no analysis. You find that there's a range. You find that the range is close. You're done. There's many other factors that could go to that. I believe one of the most significant factors is what significance does one of skill in the art apply to that range? There's going to be ranges in prior art references that one of skill in the art is not going to look at as being significant, and there's other ones that are. I think when you look at the facts of this particular case, Griffin, the prior art reference, unequivocally puts forth the range of between six and 25 as the most important feature of that teaching. There's no doubt about it. On top of that, he abuts his lower board, which he says needs to be protected, and says that that board can be six pounds or less. So where is the motivation for one of skill in the art to sit there and look at Griffin and say, I'm going to modify this today for some reason, which we haven't been able to address, and move into the range of the very board that the heavier board was intended to protect? It's illogical. It does not follow. Again, this is why we cannot have a per se rule of prima facie obviousness where we have ranges that don't overlap. As I said, the pillar provided— Why would your argument that Deere and KSR require a consideration of all the factors that go into motivation and so on not equally apply to an obviousness case involving a point within the range? So not anticipation because there's some other element that's not there. That's right. So why would it not—I guess maybe one way to ask the question is, are you not asking for the overruling of the whole line of cases before and after Peterson that allow prima facie cases to be based on touching ranges? No. Okay, so Peterson was an overlapping case, and you're asking about an overlapping case, which again, these facts—but again, what I think Peterson does is it ties together this concept that we've always had of prima facie when they're overlapping, and it works it into the construct of Graham because it supplies the motivation, and the motivation is that within a known range, it's reasonable for one of ordinary skill in the art to make the modifications. I'm sorry, to seek out and optimize. I'm sorry. Council, you're well into your rebuttal time. Do you want to continue or save it? One thing I want to point out is—and this is a lack of substantial evidence. The case has been rejected for nearly a decade, and the examiner and the board have used Lynn as a secondary reference. I, to this day, after 10 years of this, and I raised it with the examiner, I raised it with the board, have no idea how you put those two together to make this invention. It makes no sense what's lacking in Lynn—or what's lacking in Griffin that we're going to supply by Lynn. So, with that, I will rest. Thank you. We'll save the rest of your time, Mr. Reginaldi. Mr. McBride. Good morning, Your Honors. May it please the Court. I just have a couple quick points to make. As you pointed out, in this case, the range is due of buts, and the appellant has conceded that there's nothing significant about the density of 6 pounds per cubic foot. This issue actually came up during the oral hearing before the board. The board was focused on this issue, and if you look at APPX 177, the board actually asked if there was anything significant about the density of 6, and the appellant conceded there wasn't. But the ranges are different. Yes, they are. One says less than, and one says 6 to 25, which is quite different. Yes, and it's true they are different, but they are abutting, and the difference, as the board and the examiner found, the difference could not be smaller, and that's not a contested issue. I think that's sufficient to establish a prima facie case. Under this Court's finding precedent, there's a number of cases that involved non-overlapping ranges where they weren't abutting. There's actually a gap between the non-overlapping ranges and just the fact that they were close. That was sufficient to establish a prima facie case. I accept and understand that in a lot of fields, when you have an invention, there's a natural tendency to try to improve the motivation to make reasonable variations. What is the motivation here to adopt a very different, move into a very different range? I think the motivation here, well, there's a few, and the examiner and the board actually spelled out a few motivations. One was just as a design choice, and in our brief, we explained one design choice would be to just design around Griffin, and in fact, that's what happened in this case. The claims, as originally filed in this case, actually didn't have that upper limit of less than 6 pounds per cubic foot. They just claimed a density of greater than 2.5 pounds per cubic foot, and it was only when the Griffin reference became, they became aware of it that they tried to- Tell us about the Lynn disclosure. The Lynn disclosure? Right. Yeah, the Lynn disclosure, I think it's not even required to establish the prima facie case in this rejection. I think all it's really used for, the examiner cites to it as disclosing another board material that has a density range within- That's between 1 and 5. Yeah. Why isn't that an anticipation of Brent? Less than 6. It teaches the range, but Lynn doesn't teach the other limitations, so it's not an anticipation by itself, but it does teach that range. I think the examiner said it was just another known material, and it would be obvious as a design choice to use this other type of material that had that claimed density range. I think it's a very minor part of the rejection, but that's really all it's being used for. Unless the panel has any further questions, I'm happy to answer anything, but otherwise I'll yield the rest of my time. Thank you. Mr. Reginelli has a little rebuttal time, about two minutes. The first point is there isn't any case law where they rested and held that non-overlapping ranges are prima facie obvious, based solely on the closeness of those ranges. The case law, and this would be post-52 Act case law, we know titanium metals has two data points, two examples, and the claimed range was between those two examples, so it was an effective range, which the board relies upon, overlapping ranges. There's one reported case that I'm aware of. And you're talking now about the facts of the case, even though the language is somewhat broader. That's right, and the language then is just dicta. And again, I go back to the point that that language isn't supported by the rationale that this Court has developed for why on an legally supplied in this instance, where you have non-overlapping ranges. And so that motivation has to be supplied by the PTO, because otherwise all you're effectively doing is shifting the burden from the PTO to the applicant to prove patentability, where the burden is on the PTO to establish a prima facie case. Okay, the other point is with respect to Linn. Linn has been relied upon, and you mentioned why is this not anticipation. It's not anticipation because we have two boards set on top of one another. A high density board to protect a low density board. Linn does not discuss at all protecting boards by stacking one on top of the other. The boards discussed by Linn are insulation boards, which are the very boards that Griffin seeks to protect. The other error then that I will touch upon very briefly is the fact that the secondary considerations of teaching away were not properly considered by the Court. They conflated the issue of criticality with teaching away. We have teaching away when one is skilled in the art is discouraged from following the path that they ended up taking. And here you do it, because again, you're putting two boards, one on top of the other, where the lower board is up to six pounds. Why would you modify the top board to go into the range of the board that they state at page one that needs to be protected? It doesn't follow. Thank you, counsel. We'll take the case under advisement. Thank you.